11-2345-ag
Jiang Nai Jin v. Holder
BIA
Bukszpan, IJ
A094 803 237

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

JIANG NAI JIN,
        *Petitioner,*

        v.                                    11-2345-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:     H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Nai Jin, a native and citizen of China, seeks review of a May 11, 2011 decision of the BIA affirming the May 20, 2009 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Nai Jin*, No. A094 803 237 (B.I.A. May 11, 2011), *aff'g* No. A094 803 237 (Immig. Ct. N.Y.C. May 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Jin does not challenge the agency's findings that he did not establish past persecution, illegal departure from China, or a well-founded fear of persecution at the hands of

smugglers.  His only argument is that the agency erred in concluding that he failed to demonstrate a well-founded fear of persecution based on his status as an individual repatriated to China after illegal entry into the United States.  We are not persuaded.

Jin argues that evidence of country conditions established that returnees from the United States are subjected to persecution and torture upon return to China. The agency considered the evidence submitted by Jin—evidence including a 2007 State Department Profile on Asylum Claims—and concluded that it indicated that returnees from the United States are, at most, subjected to brief detentions.  The record does not compel a contrary conclusion.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005); *Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005).

The IJ did not, as Jin claims, err in declining to afford significant weight to purported expert Professor Dean G. Rojek's declaration that returnees from the United States are arrested, detained, and abused.  Professor Rojek's declaration was unsigned and prepared for another case, and Professor Rojek was not made available for cross-examination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471

3

F.3d 315, 342 (2d Cir. 2006) (noting that weight afforded to applicant's evidence in immigration proceedings lies largely within IJ's discretion).  Jin did not submit any particularized evidence indicating that he would be persecuted or tortured upon his return to China. Accordingly, the agency properly denied Jin's application for asylum, withholding of removal, and CAT relief. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 185 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4